U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   JAN 07 2020
CAROL L. MICHEL
CLERK

**U.S. Department of Justice**

United States Attorney

Eastern District of Louisiana

---

Chandra Menon  
Assistant United States Attorney

650 Poydras Street, Suite 1600  
New Orleans, Louisiana 70130

Telephone: 504-680-3085  
Chandra.Menon@usdoj.gov

Honorable Ivan L.R. Lemelle  
United States District Judge  
Eastern District of Louisiana  
500 Poydras Street, Rm. C525  
New Orleans, Louisiana 70130

  Re: United States v. Debra Becnel  
    Criminal Docket No. 15-289

Dear Judge Lemelle:

  In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Debra Becnel, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Guy Wall, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

  The defendant agrees to plead guilty to making false statements to a federal agency as charged in Count 4 in the indictment in the above-captioned matter. The Government agrees that if the defendant fully complies with this plea agreement and the Court accepts the defendant's plea of guilty, the Government will request that the Court dismiss Count 1 of the indictment as to this defendant at the time of sentencing and the Government will not move for an upward departure or upward variance from the sentencing guideline range determined by the Court.

  The defendant further understands that the maximum penalty defendant may receive should her plea of guilty be accepted is five years imprisonment and/or a fine of $250,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

CM.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, will apply. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The defendant further acknowledges and understands that, notwithstanding any payment schedule imposed at sentencing or during probation or supervised release, restitution is due and payable in full immediately upon entry of the judgment of conviction.

Further, the defendant understands that a mandatory special assessment fee of $100.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to three years pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal her conviction and judgment imposed by the Court. Defendant also understands that she may have the right to file collateral challenges to her conviction and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela.

Acknowledging these rights, subject only to the exception indicated below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily waives and gives up any right to appeal or contest her guilty plea or conviction, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, and any right to raise on appeal or on collateral review any argument that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute. The only exception to this waiver is that the defendant retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those

CM.

C.M.

discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release. The defendant is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in, the nature and circumstances of the offenses, and the history and characteristics of the defendant.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive her rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws her decision to plead guilty, her guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of her conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to her inclusion in the Treasury Offset Program.

C.M.

The defendant understands that the statements set forth above and in the attached **SEALED** document (Attachment "A") represents defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement

Very truly yours,

PETER G. STRASSER
UNITED STATES ATTORNEY

_____  1/7/20
CHANDRA MENON           Date
Assistant United States Attorney

_____  1/7/20
TRACEY N. KNIGHT        Date
Assistant United States Attorney

ERIC S. DREIBAND
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

_____  1/7/2020
CHRISTINE M. SISCARETTI  Date
Trial Attorney

_____  12/18/2019
GUY WATT                Date
Attorney for Debra Becnel

_____  1/1/19
DEBRA BECNEL            Date
Defendant

C.M.